*Lancaster.*

LAUTERMILCH executor for the use of LAUTERMILCH against KNEAGY.

*Monday,*
*May 26.*

IN ERROR.

ERROR to the Common Pleas of *Lebanon* county.

The plaintiff averred in his statement, that the single bill on which he claimed, was assigned by himself, John Adam Lautermilch, executor of A, to B, who re-assigned to the plaintiff, on *non est factum*, a single bill agreeing in other respects with the statement, but assigned by Adam Lautermilch, "agreeably to the last will and testament of A," (it being granted, that the plaintiff was A's executor,) is evidence to the jury to determine whether Adam Lautermilch and John Adam Lautermilch are the same person.

This action was brought by *John Adam Lautermilch*, executor of *Margaret Bickel*, deceased, for the use of *John Adam Lautermilch* against *Yost Kneagy*, administrator of *Erhardt Heckedorn*, upon a single bill given by *Heckedorn* to *Margaret Bickel*. No declaration was filed; but the plaintiff made a written statement of the cause of action, according to the act of assembly. In this statement it was said, that the executor of *Margaret Bickel*, the plaintiff, assigned the said writing obligatory to *John Lautermilch*, who afterwards re-assigned it to the plaintiff. The defendant pleaded *non est factum*, and payment, and issues were joined in the usual manner. On the trial the plaintiff produced the single bill, which agreed in all respects with the statement, except, that the assignment to *John Lautermilch* was signed by *Adam Lautermilch*, and not *John Adam*. It was mentioned, how-ever, in the assignment, that it was made " agreeably to the " last will and testament of *Margaret Bickel*," and it was granted, that *John Adam Lautermilch* was her executor. The defendant objected to this evidence, but the Court ad-mitted it, and their opinion was excepted to.

The plaintiff also offered to prove, that the name *John*

Where one of the subscribing witnesses to a single bill, became afterwards assignee and plain-tiff, and the other is the wife of the obligor, proof of the hand-writing of the plaintiff, is evidence without previous proof of the hand-writing of the obligor.

*Adam Lautermilch,* subscribed as a witness to the said note, 1817.
before he became interested, was the hand-writing of the LAUTERMILCH
plaintiff; it being admitted, that the other subscribing wit- executor
for the use of
ness was the wife of *Heckedorn.* To this also an objection LAUTERMILCH
was made, which was over-ruled, and another exception *v.*
taken. KNEAGY.

, *Godwin,* for the plaintiff in error.

*Elder,* contra.

TILGHMAN C. J. (After stating the first exception.) It
appears to me, that the evidence was properly admitted.
The assignment not being according to the act of assembly,
the action could not be supported in the name of the plaintiff,
*in his own right,* and was, therefore, brought by him *as ex-
ecutor,* for his own use in his private capacity. There was
no necessity for mentioning the assignment in the statement,
nor has the defendant's plea called it into question. But the
defendant contends, that the variance from the statement in
the name of the assignor, shews, that it was not the writing
on which the suit was brought. I do not think so. *John
Adam Lautermilch,* and *Adam Lautermilch,* may be the same
person; and the writing produced, agreeing in all other re-
spects with that described in the statement, it was right, that
it should be submitted to the jury, who were to decide on
the issue of *non est factum.*

There was another exception to the opinion of the Court,
in admitting evidence of the hand-writing of the plaintiff;
who, together with the wife of the obligor, were the only
subscribing witnesses to the single bill. The plaintiff con-
tended before the Court below, that the hand-writing of the
obligor ought to have been proved, before evidence of the
hand-writing of the subscribing witness was admitted. This
exception, however, was very properly relinquished, as the
point was decided by this Court in the case of *Hamilton's
lessee* v. *Marsden,* 6 *Binn.* 45.

I am of opinion, that the judgment should be affirmed.

GIBSON J. concurred.

DUNCAN J. concurred.

Judgment affirmed.